UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Garrett Guntly,**

    **Plaintiff,**

v.

                                                **COMPLAINT**
                                         **(JURY TRIAL DEMANDED)**

**Nagois SDS LLC,**

    **Defendant.**                                            **Court File No.**_____

---

LeBlanc Law and Mediation, LLC, Joseph J. LeBlanc (#0393225), 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, Telephone: (612) 819-9652, Attorney for Plaintiff

Garrett Guntly for his Complaint against Defendant, Nagois SDS LLC, states and alleges the following:

## Parties

1. Plaintiff Garrett is an individual residing in the state of Minnesota with a home address of 3748 Park Avenue, Minneapolis, Minnesota 55407.

2. Defendant Nagois LLC is a limited liability company with its principal executive office and registered office address located at 1295 Bandana Blvd N Suite 165, St. Paul, Minnesota 55108.

3. During all relevant times herein, Defendant, Nagosis LLC was an "employer" within the meaning of 42 U.S.C. §12111 (5) and Minn. Stat. §363A.03 (16).

## Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. §1331 because Plaintiff alleges that Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA").

5. Plaintiff invokes the supplemental jurisdiction of the United States District Court pursuant to 28 U.S.C. §1367 to hear her state law claims under the Minnesota Human Rights Act, Minn. Stat. §363A.01 et seq. ("MHRA").

6. Venue in this Court is proper under 28 U.S.C. §1391 because the unlawful practices described herein have been committed in the District of Minnesota.

7. Plaintiff filed a charge of discrimination with the Minneapolis Equal Employment Opportunity Commission (charge no.: 444-2022-02556) and on October 2, 2023, received notification that Plaintiff had the right to sue to proceed with this lawsuit.

## Factual Background

8. Plaintiff worked as the Chief Technology Officer.

9. Plaintiff notified Defendant of Mental Health Issues and the need for accommodations in August 2022 through text messages.

10. Defendant presented Plaintiff with an "extended resignation notice bonus offer" and forced Plaintiff to accept.

11. Defendant refused to engage in an interactive conversation about how it could accommodate Plaintiff.

12. Plaintiff had no discipline in his performance, and had received multiple promotions based on his work performance.

13. Defendant terminated the plaintiff on September 15. 2022.

## Count 1
## Disability discrimination in violation of the Minnesota Human Rights Act

14. Plaintiff hereby restates and re-alleges the allegations contained within the preceding paragraphs as though fully stated herein.

15. Plaintiff is an individual with a disability as defined by the MHRA, Minn. Stat. § 363A.03, subd. 12

16. Minn. Stat. § 363A.08, subd. 2 of the MHRA provides that it is unlawful for an employer "because of disability to discharge an employee; or discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment".

17. Plaintiff was discriminated against under the Minnesota Human Rights Act when the Defendant regarded him as disabled and forced him to sign the extended resignation notice bonus offer.

18. Plaintiff was further discriminated against under the Minnesota Human Rights Act when the Defendant regarded him as disabled and terminated his employment.
19. Defendant failed to engage in an interactive conversation about how to accommodate the plaintiff.

20. Defendant knew or should have known of the aforesaid conduct.

21. The unlawful employment practices set forth above were intentional.

22. Defendant's conduct described herein violated Minn. Stat. § 363A.08.

23. As a result of the above, Plaintiff suffered damages, including loss of income, mental anguish or suffering, and other damages in an amount to be proven at trial, but believed to be in excess of $50,000, and his reasonable costs and attorney's fees pursuant to Minn. Stat. § 363A.33 and § 363A.29.

**Count II**
**Disability Discrimination in Violation of the Americans Disabilities Act**

24. Plaintiff incorporates the foregoing paragraphs of his Compliant by reference.

25. Plaintiff is a qualified individual with a disability as defined by the ADA, 42 U.S.C. §15102 and 42 U.S.C. §12111(8).

26. 42 U.S.C. § 12112 (a) provides that it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment."

27. Plaintiff was further discriminated against under the Americans with Disabilities Act when the Defendant regarded him as disabled and terminated his employment.

22. Defendant knew or should have known of the aforesaid conduct.

23. The unlawful employment practices set forth above were intentional.

24. As a result of the above, Plaintiff suffered damages, including loss of income, mental anguish or suffering, and other damages in an amount to be proven at trial, but believed to be in excess of $50,000, and his reasonable costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectively prays that:

A. The practices of Nagios, complained herein be declared illegal as above alleged.

B. Judgement be entered in favor of Plaintiff and against Nagios, on Counts I, and II, and each of them in an amount of excess of $50,000 as determined by the Court and jury herein, together with prejudgment interest thereon.

C. Plaintiff be awarded punitive damages pursuant to the Minnesota Human Rights Act.

D. Plaintiff be awarded treble damages pursuant to the Minnesota Human Rights Act.

E. Plaintiff be awarded his legal expense, including reasonable attorneys' fees, experts' fees, and other costs and expenses incurred in this litigation.

F. Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all claims.

12/15/2023

S/Joseph J. LeBlanc
Joseph J. LeBlanc
Attorney for Garrett Guntly
Attorney Registration #0393225
joe@lebalanclawandmediation.com
LeBlanc Law and Mediation LLC
222 South Ninth Street #1600
Minneapolis, MN 55402
(612) 819 9652

# ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. §549.211, Subd. 2, that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defenses that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

12/15/2023

S/Joseph J. LeBlanc
Joseph J. LeBlanc
Attorney for Garrett Guntly
Attorney Registration #0393225
joe@lebalanclawandmediation.com
LeBlanc Law and Mediation LLC
222 South Ninth Street #1600
Minneapolis, MN 55402
(612) 819 9652