UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Garrett Guntly,<br><br>              Plaintiff,<br><br>v.<br><br>Nagios SDS LLC,<br><br>              Defendant. | Case No: 0:23-cv-03900-JRT-DLM<br><br>**DEFENDANT NAGIOS SDS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Nagios SDS LLC[1], by and through its attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, for its Answer to Plaintiff's Complaint, denies each and every thing, fact, matter, and allegation set forth therein except as herein qualified, admitted, or otherwise explained, and further responds as follows:

## PARTIES

1.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.    Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint as to Defendant, and Defendant lacks sufficient knowledge or information to either admit or deny the allegations as to Nagios LLC or "Nagois LLC", and therefore, denies the same.

---

[1] "Nagios" is misspelled as "Nagois" or "Nagosis" throughout the Complaint. "Defendant," as used herein, refers to the correctly-spelled named defendant, Nagios SDS LLC.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint as to Defendant, but Defendant lacks sufficient knowledge or information to either admit or deny the allegations as to Nagios LLC or "Nagosis LLC", and therefore, denies the same; Defendant further denies that it was Plaintiff's employer during all, or any, "relevant times herein."

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff alleges that Defendant violated the Americans with Disabilities Act, but denies any such violation.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff invokes the Court's jurisdiction on the basis described therein, but denies any violation of the Minnesota Human Rights Act.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint as to proper venue, but denies the alleged unlawful practices described in the Complaint.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff filed a Charge of Discrimination against Nagios Enterprises LLC, bearing Charge Number 444-2022-02556, with the Equal Employment Opportunity Commission (the "EEOC") and that on October 2, 2023, the EEOC issued a Determination and Notice of Rights. Defendant denies that Plaintiff filed a Charge of Discrimination against Defendant.

## FACTUAL BACKGROUND

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies that Plaintiff was employed by Defendant as the Chief Technology Officer.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that it never engaged in an interactive conversation with Plaintiff about how it could accommodate Plaintiff, and Defendant affirmatively states that Defendant never employed Plaintiff.

12. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, as Plaintiff was never employed by Defendant, and therefore, Defendant denies the same.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT 1
## DISABILITY DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

14. Defendant restate and realleges its responses to the allegations contained in the paragraphs above as if fully set forth herein.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant states that the statute quoted therein speaks for itself.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits that it never engaged in an interactive conversation with Plaintiff about how to accommodate Plaintiff, and Defendant affirmatively states that Defendant never employed Plaintiff.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS [WITH] DISABILITIES ACT

24. Defendant restates and realleges its responses to the allegations contained in the paragraphs above as if fully set forth herein.

25. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26. Answering Paragraph 26 of Plaintiff's Complaint, the statute at issue speaks for itself.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in the second Paragraph 22 of Plaintiff's Complaint.

29. Defendant denies the allegations in the second Paragraph 23 of Plaintiff's Complaint.

30. Defendant denies the allegations in the second Paragraph 24 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief referenced in the Prayer for Relief section of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendant, because, among other reasons, neither Defendant nor any of the other entities identified as the Defendant in the Complaint, were ever Plaintiff's employer.

2. Plaintiff cannot show that his alleged disability was a determinative factor in his employer's decisions with regard to his employment.

3. The Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, statutory or other damages against Defendant or against Plaintiff's employer.

4. Plaintiff's Complaint fails because he did not, during the relevant time period, have a disability as defined under the Minnesota Human Rights Act or the

Americans With Disabilities Act. Alternatively, Plaintiff's Complaint fails because neither Defendant nor Plaintiff's employer were aware, during the relevant time, that Plaintiff allegedly had a disability as defined in either of those laws.

5.     Plaintiff's Complaint fails because there was no reasonable accommodation available that would have enabled him to perform the essential duties of his job.

6.     Plaintiff's Complaint fails because any accommodation that would have enabled him to perform the essential duties of his job would have created an undue hardship on his employer.

7.     Plaintiff's claimed damages, if any, are barred in whole or in part, because Plaintiff failed to mitigate his alleged damages; and/or Plaintiff's damages, if any, are limited by operation of the benefits he may have received from collateral sources.

8.     All actions taken by Plaintiff's employer with respect to Plaintiff were undertaken in good faith, upon proper occasion, and with proper motive. Said employer's conduct with respect to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons that were not in any way motivated by Plaintiff's alleged disability or any other discriminatory, retaliatory, or illegal motives. Moreover, said employer would have reached the same employment decisions regarding Plaintiff regardless of his alleged membership in any protected class.

9.     Plaintiff's claimed damages, if any, were caused by his own conduct, action, and inaction.

10. There is no causal connection between Plaintiff's alleged disability and/or any other protected characteristics or activity and the termination of his employment.

11. To the extent that Plaintiff suffered any damages or injuries, which Defendant denies, such damages or injuries were not caused by Defendant's actions or conduct.

12. Plaintiff's damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, and/or failure to act.

13. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

14. To the extent Plaintiff is seeking punitive damages, such claim is barred because an award of such damages would violate Defendant's rights under the Constitutions of the State of Minnesota and the United States of America.

15. To the extent Plaintiff seeks punitive damages, such claim is barred because Defendant did not act with a deliberate disregard for the rights or safety of others.

16. To the extent Plaintiff seeks punitive damages, the availability of such damages is limited by Minn. Stat. § 363A.29.

17. To the extent discovery discloses information which could serve as a basis for the (earlier) termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

18.  All employment-related actions that Plaintiff's employer took with regard to Plaintiff were taken for legitimate, non-retaliatory reasons.

19.  Plaintiff's claims are barred by Plaintiff's failure to exhaust his administrative remedies, or by the applicable statute of limitations.

20.  The extent to which the Complaint may be barred by any remaining affirmative or other defenses that cannot be determined at this time without the benefit of additional discovery, but as a separate and affirmative defense to the Complaint, Defendant reserves its rights to assert all affirmative and other defenses as appropriate.

## RELIEF REQUESTED

**WHEREFORE**, having responded to the allegations in Plaintiff's Complaint, Defendant hereby requests that the Court enter an Order:

A.  Dismissing the Complaint in its entirety, with prejudice and awarding Defendant its costs and expenses, including reasonable attorney's fees, as set forth under the law; and

B.  Awarding Defendant such other relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| Dated: <u>January 19, 2024</u> | */s/ Andrew E. Tanick*<br>Andrew E. Tanick (#178573)<br>Capella Tower<br>225 S. 6th St., Suite 1800<br>Minneapolis, MN  55402<br>Telephone:  (612) 339-6871<br>Facsimile:  (612) 339-0061<br><br>***Attorneys for Defendant Nagios SDS LLC*** |

60022061.v1-OGLETREE